The plaintiff claims to have been knocked down and injured by a horse owned by defendant and driven by his servant; the collision resulting, as is alleged, from the negligence of such servant. The plaintiff is quite an old man, and on February 13, 1908, was crossing from the south to the north side of Houston street at the corner of Orchard street. There was a good deal of snow in this street, but the crosswalk had been cleared or beaten down. Defendant's servant was driving a baker's wagon westwardly on Houston street. He was driving two horses, one in the shafts and one hitched on the outside. The plaintiff, according to his own evidence, saw the horses and wagon coming, and stopped to let them pass in front of him. He even stepped back a little to what he considered a place of safety, described as about 2½ feet from the wagon track. He says that the horse "made a bound" and struck him on the arm, knocking him down. Several witnesses called by defendant, and who saw the accident, agreed that plaintiff either ran into the horse or attempted to seize his bridle and missed it, and fell without having been touched by either horse or wagon.

Leaving their testimony out of consideration, and accepting plaintiff's version, it is clear that his complaint might well have been dismissed. He points to no negligent act whatever on the part of the driver, who does not appear to have swerved toward plaintiff, or to have driven at any unreasonable rate of speed, or lost control of his horses; nor can it be seen how the "bound" of the horse, whatever that may mean, resulted from any negligent act on the part of the driver. Even if there can be found in the case a scintilla of evidence to take the case to the jury, still the verdict should have been set aside as against the evidence.

Judgment and order reversed, and new trial granted, with costs to appellant to abide the event. All concur.

---

### In re VAN ALSTYNE et al.

(Supreme Court, Appellate Division, Third Department. March 23, 1911.)

COURTS (§ 202*)—APPEAL FROM SURROGATE—REARGUMENT—CONDITIONS.

Where a notice of appeal stated that the appellant intended to bring the facts up for review, under Code Civ. Proc. § 2586, providing that, where an appeal is taken on the facts, the appellate court has the same power to hear the question of fact which the surrogate had, and may in its discretion receive further testimony, this was notice to the respondent to settle into the case his objections and exceptions; and where many of his objections and exceptions were so settled, but it appeared from affidavits that many important ones were omitted, a reargument will be allowed, on payment by respondent of costs and disbursements.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 486; Dec. Dig. § 202.*]

Houghton, J., dissenting in part.

On petition of appellant for reargument. Reargument granted. For former opinion, see 126 N. Y. Supp. 1078.

Argued before SMITH, P. J., and KELLOGG, SEWELL, and HOUGHTON, JJ.

Charles Oakes, for appellant. ·

Thomas F. Wilkinson, for respondent.

PER CURIAM. The notice of appeal stated that the appellant intended to bring up the facts for review, under section 2586 of the Code of Civil Procedure. This was notice to the respondent of the importance of settling into the case his objections and exceptions. Many of his objections and exceptions are so settled; but it appears now, from the affidavits, that some important ones were omitted. A reargument, therefore, is made proper by this omission, and he asks to be relieved from the effect thereof.

A reargument is granted, upon condition that the respondent pay to the appellant all costs and disbursements made since the notice of appeal was served, with $150 in addition thereto.

HOUGHTON, J., dissenting as to the $150.

---

STICKLES et al. v. MILLER et al.

(Supreme Court, Appellate Division, Third Department.    March 8, 1911.)

1. MORTGAGES (§ 415*)—FORECLOSURE—IRREGULARITIES.
    The property of an estate which was mortgaged was conveyed to W. to prevent foreclosure, pay off mortgages, and settle differences between the children and widow, so that the son should have the farm, conditioned upon the support of his mother for life, and W. bid in the property, paid off the debts as contemplated, and conveyed the farm to the son, who assumed, as a part of the consideration, a second mortgage placed on the property by W., but the deed to the son did not include certain personalty and other property which was conveyed to W. In proceedings to foreclose the second mortgage, the son defended on the ground that it was not due until the personalty, etc., was conveyed to him. A deed to such property was tendered into court during trial and was accepted by him subject to the disposition of it by the referee. *Held*, that the son could not have been harmed by the omission of such property in the deed to him even if it was omitted by mistake.
    [Ed. Note.—For other cases, see Mortgages, Dec. Dig. § 415.*]

2. REFERENCE (§ 90*)—FINDINGS OF REFEREE—REFUSAL TO FIND.
    A referee must be presumed to have refused to find conclusions of law requested by defendant, where, if he had found such conclusions, he could not have rendered the report that he did render.
    [Ed. Note.—For other cases, see Reference, Dec. Dig. § 90.*]

3. APPEAL AND ERROR (§ 1044*)—HARMLESS ERROR.
    In view of Code Civ. Proc. § 721, providing that a judgment shall not be impaired or affected because of the default or negligence of the clerk or any other officer of the court by which the adverse party has not been prejudiced, the failure of a referee to note in the margin of the propositions of law and facts submitted by defendant the manner in which the propositions were disposed of, as required by Code Civ. Proc. § 1023, if so required, was not reversible, where defendant was accorded all rights

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes